UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAQUIVA RUTH MCCULLOUGH,<br><br>Plaintiff<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:15-cv-5505-BRO (GJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

At issue in this social security case is whether the ALJ properly fulfilled his duty to identify and resolve any conflicts between the vocational expert's testimony that McCullough could perform certain jobs and the Dictionary of Occupational Titles ("DOT"). The Court concludes that the ALJ failed to resolve the conflict between a "sit/stand" at will limitation and the positions that the vocational expert identified. Accordingly, remand is warranted.

## ADMINISTRATIVE PROCEEDINGS

Because only Step 5 is at issue, the Court summarizes only the ALJ's opinion related to whether other work exists in the national economy that Flores can

perform.[1]  Based on the medical evidence and other testimony, the ALJ defined McCullough's residual functional capacity ("RFC") as follows:

> to lift and/or carry 20 pounds occasionally and 10 pounds frequently.  She can stand and/or walk for a total of four hours in an eight-hour workday with normal breaks, and she can sit for a total of six hours in an eight-hour workday with normal breaks.  The claimant must be allowed to alternate between sitting and standing at will.  She can occasionally climb, balance, stoop, kneel, crouch, and crawl.  She can occasionally use her hands for fine and gross manipulation.  Mentally, the claimant can perform simple repetitive tasks.  This is a limited range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

[AR 28.]  During the hearing, vocational expert Carmen Roman testified without objection to her qualifications.  [AR 69.]  She concluded that a person with McCullough's RFC, including the sit-stand at will limitation, could perform the the following positions:

> 1. Garment Sorter (DOT 222.687-014), with 235,000 jobs nationally and 5,000 locally;
>
> 2. Inventory Accounts Investigator (DOT 241.367-038), with 192,000 jobs nationally and 5,200 locally; and
>
> 3. Hostess (DOT 349.667-014), with 71,000 positions

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows:  (1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two; (2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four; (4) Is the claimant capable of performing her past work?  If so, the claimant is found not disabled.  If not, proceed to step five; (5) Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.  20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

nationally and 1,200 locally.

[AR 72-74.] In response to a question from the ALJ, Roman explained that her "testimony [was] in conformance with the DOT." [AR 73.] The ALJ ultimately adopted Roman's analysis. [AR 36.]

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), this Court reverses only if the Commissioner's "decision was not supported by substantial evidence in the record as a whole or if the [Commissioner] applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "must be 'more than a mere scintilla,' but may be less than a preponderance." *Id.* at 1110-11; *see Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted). This Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir. 1996)). If "the evidence is susceptible to more than one rational interpretation, we must uphold the [Commissioner's] findings if they are supported by inferences reasonably drawn from the record." *Molina,* 674 F.3d at 1111.

## DISCUSSION

**I. The ALJ's Step Five Determination Requires Remand.**

　**A. Applicable Law**

The Social Security regulations impose several duties on an ALJ when relating vocational expert testimony to the DOT. First, the ALJ bears "an affirmative responsibility to ask about any possible conflict between that [vocational expert]

3

evidence and information provided in the DOT." Soc. Sec. R. ("SSR") 00-4p. And even if the vocational expert says that her testimony is consistent with the DOT, the ALJ has an independent duty to determine whether the record reveals a conflict. SSR 00-4p; *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. Feb. 20, 2015); *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) ("[T]he ALJ must first determine whether a conflict exists."); *see also Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) ("an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation" (quoted in *Massachi*, 486 F.3d at 1153)).

Second, "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin*, 778 F.3d at 846; *see* SSR 00-4p (explaining that when a conflict exists, the ALJ must "obtain a reasonable explanation for the apparent conflict"); *Massachi*, 486 F.3d at 1153 (holding that, where a conflict between the DOT and vocational expert testimony exists, an ALJ must "then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the *Dictionary of Occupational Titles*.").

Third, the ALJ must "explain in the determination or decision how he or she resolved the conflict." SSR 00-4p. "The ALJ's failure to resolve an apparent inconsistency may leave [the Court] with a gap in the record that precludes [it] from determining whether the ALJ's decision is supported by substantial evidence." *Zavalin*, 778 F.3d at 846.

Even if the ALJ errs in fulfilling any of these three duties, the error may very well be harmless if "the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). In this context, that means asking whether a

reasonable ALJ could find the vocational expert's conclusion inconsistent with the DOT.  *See Perea v. Comm'r of Soc. Sec.*, 574 Fed. App'x 771, 771-72 (9th Cir. 2014) (Where "there is no evidence that the VE's testimony was inconsistent with the Dictionary of Occupational Titles ('DOT')," "the ALJ's failure to ask whether the VE's testimony was consistent with the DOT [is] harmless."); *Massachi*, 486 F.3d at 1154 n.19 ("This procedural error could have been harmless, were there no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts[.]").

### B. The ALJ Did Not Properly Address the Conflict Between the RFC "Sit-Stand" Limitation and the DOT.

There is no doubt that the ALJ asked whether the vocational expert's testimony conflicted with the DOT.  The problem for the Commissioner here is that, notwithstanding the vocational expert's contrary testimony, "an apparent conflict" indeed existed, and the ALJ had a duty to "reconcile the inconsistency." *Zavalin*, 778 F.3d at 846.  As McCullough points out, this Court has recently held in an analogous case that a sit-stand limitation creates a deviation from the DOT that must be explained.  *See Hall v. Colvin*, 2015 WL 5708465 (C.D. Cal. 2015) (Standish, J.). The Court adheres to that logic here.  The sit-stand limitation reduces the number of jobs available to McCullough below the DOT-provided figure.  By how much, the record does not show.  And that's the problem—the ALJ had no way to decide whether a sufficient number of jobs remain in the national economy without evidence about the erosion of the occupational base (if any).  Given the variety in jobs, the Court suspects a sufficient number remain.  But the Court is not a vocational expert, and some representative occupations (e.g., hostess) may not be performable at all with a limitation that McCullough be permitted to sit and stand at will.

*Buckner-Larkin v. Astrue*, 450 Fed App'x 626, 628-29 (9th Cir. 2011)—cited by the Commissioner—supports the Court's result.  In *Buckner-Larkin*, the Ninth

1 Circuit held that the sit-stand limitation conflicted with the DOT, but that the
2 vocational expert, "based on his own labor market surveys, experience, and
3 research," addressed it. 450 Fed. App'x 626, 628-29. There, unlike here, "the ALJ
4 addressed [the issue] in the decision." *Id.* at 629.

5 The Commissioner also cites *Ruiz v. Colvin*, No. 13-17216, 2016 WL 158672
6 (9th Cir. Jan. 13, 2016) as persuasive authority that no conflict exists between a
7 "sit/stand" limitation and a DOT job description. There, the Ninth Circuit focused
8 primarily on whether the requirement that Ruiz have a walker conflicted with the
9 DOT:

> Here, the ALJ asked about the sit/stand option and the
> use of Ruiz's walker in the suggested jobs. The
> vocational expert testified that his opinion was consistent
> with the *Dictionary of Occupational Titles*; that Ruiz
> could perform the proposed jobs even with the assistance
> of a walker; and that his opinion relating to Ruiz's use of
> the walker at the proposed jobs was based on his
> experience placing people in those jobs as a vocational
> rehabilitation counselor.

*Ruiz*, 2016 WL 158672, at *2. The opinion does not appear to have squarely
confronted the issue of whether a "sit/stand at will" option conflicted with the DOT,
although admittedly it suggests that the vocational expert's testimony of consistency
was itself enough. Caught between *Ruiz*, which hardly addresses the issue, and
*Buckner-Larkin*, which gave the issue more detailed treatment and comports with
this Court's analysis in *Hall*, the Court again holds that a "sit/stand" limitation is
inconsistent with the DOT.

Because a conflict existed for which the vocational expert's testimony does
not "provide[] sufficient support for her conclusion so as to justify any potential
conflicts," the Court cannot say the ALJ's failure to address the inconsistency is
harmless. *Massachi*, 486 F.3d at 1154 n.19. Remand is necessary.

### C. Reasoning Limitation

McCullough also argues that the RFC limitation to "simple repetitive tasks" conflicts with the DOT reasoning requirements for two of the three occupations the vocational expert identified, each of which requires at least Level 3 reasoning. *See* Dkt. 18, Pl.'s Br., at 8. She does not argue that garment sorter—a position that McCullough's RFC undisputedly gives her the reasoning ability to perform—is too sparsely available in the national economy. Accordingly, even if the ALJ erred, this error, standing alone, is harmless. *See, e.g.*, *Mitchell v. Colvin*, 584 Fed. App'x 309, 312 (9th Cir. 2014) (finding that erroneous identification of job constituted harmless error where ALJ identified another that existed in significant numbers); *Yelovich v. Colvin*, 532 Fed. App'x 700, 702 (9th Cir. 2013) (same). As the Court is already remanding this case for further administrative proceedings, the ALJ should consider whether the reasoning requirements of hostess and inventory accounts investigator are inconsistent with his finding that McCullough is limited to simple repetitive tasks. And if so, the ALJ should analyze the inconsistency to determine whether McCullough can nonetheless perform those jobs (or an eroded base of those jobs).

### D. Handling Deviation

Similarly, the Court will not address McCullough's argument that the RFC limitation of occasional use of hands for fine and gross manipulation conflicts with the DOT requirements for the garment sorter position, which requires frequent handling. On remand, the ALJ should consider whether a conflict with the DOT exists, and if so, whether the deviation from the DOT is supported.

### CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter
    REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further

1  administrative proceedings consistent with this Memorandum Opinion and
2  Order; and
3  (2) Judgment be entered in favor of Plaintiff.
4  **IT IS HEREBY ORDERED.**

6  DATED: March 29, 2016   _____
                           GAIL J. STANDISH
7                          UNITED STATES MAGISTRATE JUDGE